```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**FEDERAL HOME LOAN MORTGAGE**
**CORPORATION**                                                    PLAINTIFF

        v.        Civil No. 11-5093

**JAMIE D. BURKE; VERA LYNN BURKE;**
**and OCCUPANTS OF 2517 ORLEANS,**
**ROGERS, ARKANSAS  72756**                                       DEFENDANTS


### O R D E R

    Now on this 29th day of June, 2011, comes on for consideration the **Motion To Remand** (document #6) of defendants Jamie D. Burke and Veralynn Burke (the "Burkes"), to which no response has been filed, and from said motion, and the pleadings on file, the Court finds and orders as follows:

    1.   This action originated in the Circuit Court of Benton County, Arkansas, with the filing of a Complaint In Forcible Entry And Detainer on February 25, 2011.

    2.   `On April 13, 2011, a Notice Of Removal was filed by Michelle Tull Brown ("Brown), whom the Court understands to be the defendant designated in the Complaint as "Occupants of 2517 Orleans, Rogers, Arkansas 72756."

    In the Notice Of Removal, Brown averred that she was the only person thus far served with process, and that this matter involves "diversity of the parties and an amount in controversy exceeding $100,000.00."  In signing the Notice Of Removal, Tull gave an address in Rogers, Arkansas.

3.   The Burkes state that they did not join in the Notice Of Removal filed by Brown, and cite **Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.**, 254 F.3d 753, 755 n. 2 (8th Cir. 2001) for the rule that "ordinarily all defendants must join in a notice of removal or the case will be remanded").

Although the record brought up from State court contains a Return and Affidavit of Service showing service of process on each of the Burkes on March 14, 2011, Brown contends that these Affidavits are "wholly and materially untrue," and that the Burkes have not been served.

4.   The Court need not determine whether the Affidavits are accurate, because the Burkes offer an alternative basis for remand.  They point out that Brown holds herself out to be a resident of Arkansas, and that the matter was removed on the basis of diversity.  They cite **28 U.S.C. § 1441(b),** which allows removal of diversity cases only if none of the defendants "properly joined and served" is a citizen of the State in which the action is filed.

Brown has not responded with any denial of her Arkansas citizenship, and the Court finds that this asserted basis for remand has merit.  The Motion To Remand will, therefore, be granted.

**IT IS THEREFORE ORDERED** that the **Motion To Remand** (document #6) of defendants Jamie D. Burke and Veralynn Burke is **granted,**

and the Clerk of Court is directed to **remand this matter to the Circuit Court of Benton County, Arkansas.**

**IT IS SO ORDERED.**

                                        /s/ Jimm Larry Hendren
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**